

THE LAW OFFICES OF
**JUDITH VARGAS**

December 1, 2017

Mr. James Mullen, U.S.P.O. Specialist
U.S. Probation Office
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

RE: *United States v. Nico Burrell*, Docket No.: 0208 1:S2 15 CR 95-02 (AJN)
Comments, Edits, Objections to PSR

Dear Mr. Mullen:

Please find below our comments, edits and objections to the Presentence Report ("PSR") on behalf of Mr. Nico Burrell. We request that the PSR be amended accordingly. We have been granted an extension of our response date until December 1, 2017.

As you are aware, statements made within a PSR are important not only for how they impact sentencing, but because a federal offender's PSR follows him through whatever period of punishment or post-sentencing supervision the Court imposes. In particular, the PSR plays a significant role in the Federal Bureau of Prisons' determinations, such as facility designation, program eligibility, and pre-release decisions. Thus, it is our responsibility to object to any inaccuracies or potentially prejudicial assertions within my client's PSR.

PART A. THE OFFENSE:

Charges and Convictions

Page 4, ¶ 4 – Please delete this paragraph (Count 3), as Mr. Burrell is not charged in Count 3 of the superseding indictment. He was, however, charged in, though not convicted of, Count 4 of the superseding indictment, which was omitted in the Charges and Convictions section.

Offense Conduct

Page 14, ¶ 11 – Please include at the end of this paragraph that Mr. Burrell was incarcerated from 2/11/09 until 8/28/14, more than half the duration of the nine-year conspiracy, estimated by the Government to have begun in at least 2007 up to and including 2016.

Page 15, ¶ 14 – We object to this paragraph. Mr. Burrell is neither named nor implicated in any of the criminal acts described here. Since it is irrelevant to Mr. Burrell's offense conduct, this paragraph should be deleted from the PSR.

*NEW YORK*
20 Vesey Street * Suite 400 * New York, NY  10007
Tel: 212.668.0024 * Fax: 212.668.0060
Judithvargas1@aol.com
*PUERTO RICO SATELLITE*
MCS Plaza * Suite 1200 * Ponce de Leon Avenue
San Juan, PR  00917

Mr. James Mullin, U.S.P.O.
December 1, 2017
Re: Nico Burrell – Comments, Edits, Objections to PSR
Page | 2

Page 15, ¶ 15 – We object to this paragraph. It is overly generalized and unsubstantiated. We have not been provided with any information as to the source of these statements, nor as to their veracity. (*See, e.g.,* U.S.S.G. § 6A1.3, Commentary. Out of court declarations by an unidentified informant may be considered where there is good cause for the non-disclosure of the informant's identity and there is sufficient corroboration by other means. *United States v. Rogers*, 1 F.3d 341 (5th Cir. 1993); *see also United States v. Young*, 981 F.2d 180 (5th Cir.), cert. denied, 508 U.S. 980 (1993); *United States v. Fatico*, 579 F.2d 707, 713 (2d Cir. 1978), cert. denied, 444 U.S. 1073 (1980). Unreliable allegations shall not be considered. *United States v. Ortiz*, 993 F.2d 204 (10th Cir. 1993)). Therefore this paragraph should be omitted. In the alternative, the source of these statements should be provided in order for the Court to make an informed decision as to the accuracy and reliability of the information.

Page 15, ¶ 16 – We object to the reference in this paragraph (and others below) to the use of social media to buttress the argument that postings on Facebook or YouTube encouraged, fostered or controlled the behavior of others. The statements are irrelevant and have not been authenticated. (*See* FRE 901, to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is). Further, Mr. Burrell had neither a relationship nor any affiliation with Rasheid Butler, nor with Butler's alleged "TripleM" gang.

We also object to the following sentences: "*[s]imilarly, BMB leader Nico Burrell discussed the "Day One" concept in a rap video posted on YouTube in December 2015 and entitled "live From Gutter. In the video, Burrell rapped, 'No new niggas, only day one / I know they ain't tellin' if that day come,' after which another rapper repeated in the background, 'no snitchin.'*" There is no evidence to support the contention that these statements are true. These statements are scripted for staged, choreographed videos for which Mr. Burrell was paid to act. This paragraph, like paragraphs 17, 19, 25 and others below that mention Mr. Burrell's career as a rising rap artist in the music world, are irrelevant and inappropriate. The comments in this paragraph based on these videos are uncorroborated speculation and based upon unauthenticated media content which depict art, not real events. We request the statements in this paragraph be deleted from the PSR.

Page 16, ¶ 17 – We object to this paragraph/discussion regarding "gang norms." The statements in this paragraph are speculative and uncorroborated, based on unreliable and unsubstantiated social media content. There is no evidence to support the contention that these statements are true. Further, the statements are irrelevant and have not been authenticated. This paragraph is filled with inflammatory conjecture and should be stricken from the PSR. (*See* objection to ¶ 16 above).

Pg. 16, ¶ 18 – We object to this paragraph. It has no relevance to Mr. Burrell. Mr. Burrell is not accused of engaging in the practice of "mobbing." This paragraph should be deleted from the PSR.

Page 17, ¶ 19 – We object to this paragraph as it also is based on spurious and uncorroborated speculation and unauthenticated media content (e.g., the reference to a Facebook post by co-defendant

*NEW YORK*
20 Vesey Street  *  Suite 400  *  New York, NY  10007
Tel:  212.668.0024  *  Fax: 212.668.0060

*PUERTO RICO SATELLITE*
MCS Plaza  *  Suite 1200  *  Ponce de Leon Avenue
San Juan, PR  00917

Judithvargas1@aol.com

Mr. James Mullin, U.S.P.O.
December 1, 2017
Re: Nico Burrell – Comments, Edits, Objections to PSR
Page | 3

Donque Tyrell. (*See* objection to ¶ 16 above). Further, Mr. Burrell is not accused of any of this conduct. This paragraph should be deleted from Mr. Burrell's PSR.

Page 17, ¶ 20 – We object to this paragraph. Mr. Burrell is not accused of any robberies, fraud, nor counterfeit offenses. This paragraph has no relevance to Mr. Burrell's offense conduct and should be deleted from the PSR.

NICO BURRELL – Offense Conduct Summary

Page 17, ¶ 22 – We object to several factual errors in this paragraph. According to NYPD reports of this shooting, on February 11, 2009, one of the bullets struck Mr. Cooper in the lower back, not the chest. Both Mr. Cooper and the female bystander, who was struck in the arm, were brought to Jacobi Hospital, not admitted, and treated and released from the hospital later the same day.

Page 18, ¶ 24 – Although the parties stipulated to a 4-level role enhancement in the plea agreement, we object to the statement that Mr. Burrell made decisions for the gang. As stated above Mr. Burrell was incarcerated from 2/11/09 until 8/28/14 (more than 5 ½ years). We have received no evidence in discovery that during this time, nor during the period of the conspiracy as stated in the indictment, nor after his release from prison in 2014, that Mr. Burrell made "decisions for the gang."

Page 18, ¶ 25 – This paragraph, like paragraphs 16, 17, 19, 25, and others that mention Mr. Burrell's career as a rising rap artist in the music world are irrelevant and inappropriate, as it is also based on spurious and uncorroborated speculation and unauthenticated media content. Thus, any references in the PSR to statements made by Mr. Burrell in staged, scripted videos should be deleted, as they are merely choreographed videos and do not depict any real events. The videos referenced in this and other paragraphs are pure theatre and cannot be used to imply truth. Specifically the sentence that "*[f]or example, in a video called "Uptown (Poppin')" posted on September 30, 2015, Burrell rapped that he was "chillin' on the block with some "Blammas," which was a reference to BMB's Blamma" group that distributed narcotics from the "B Road" location on Boston Road and Eastchester Road in the Bronx*" is pure speculation and must be deleted. They are theatre and nothing more and must not be used to support the contention that Mr. Burrell actually engaged in the conduct being rapped about in the videos. The same goes for the sentence that "*Burrell also rapped that "if we see an opp' we get to clapping," which* <u>appeared</u> *to be a reference to BMB's practice of attacking and shooting members of opposing gangs.*" The use of the phrase "appeared" in this paragraph clearly indicates that the statement is speculation. Likewise for the sentence that "*[a]t other points in the video, Burrell rapped that he was "chillin' on the block with some killas' and with "some drillas,"  and "hollows ripping through your fucking tissue," which* <u>appeared</u> *to be references to members of Burrell's crew who were prepared to kill and shoot firearms, including by using hollow-point bullets.*" All of the statements in this paragraph are based on specious, uncorroborated information. Mr. Burrell is not charged with any of this conduct and we request that this paragraph be deleted from the PSR.

Additionally, all the references to Twitter pages (listed here as "YBz Big Suit ZIICO) in this paragraph are also based on spurious and uncorroborated speculation and unauthenticated media content. Further, *See* objection to ¶ 16 above. Mr. Burrell denies opening this Twitter account, and

*NEW YORK*
20 Vesey Street * Suite 400 * New York, NY 10007
Tel: 212.668.0024 * Fax: 212.668.0060

*PUERTO RICO SATELLITE*
MCS Plaza * Suite 1200 * Ponce de Leon Avenue
San Juan, PR 00917

Judithvargas1@aol.com

Mr. James Mullin, U.S.P.O.
December 1, 2017
Re: Nico Burrell – Comments, Edits, Objections to PSR
Page | 4

does not have knowledge of how or by whom this account was opened. We request these references be deleted from the PSR.

Page 18, ¶ 26 -- We object to this paragraph as it exaggerates Mr. Burrell's comments. First, Mr. Burrell is only intercepted on two calls, one to co-defendant Mark Williams, and the other referenced in this paragraph where the unknown male is discussing Mr. Burrell's sister, Michelle Jemison, driving by the male's home. This paragraph exaggerates the meaning of Mr. Burrell's words that he is a "gangsta" and referencing "problems." In making these statements, Mr. Burrell is merely engaging in macho braggadocio and empty boasting in an attempt to protect his sister who had recently moved to the unknown male's neighborhood. There is no evidence that Mr. Burrell ever directed, ordered, or engaged in any violence towards the other individual recorded on this call. We request that the first sentence of this paragraph, that the wiretap interceptions "demonstrated Burrell's membership in and leadership of BMB," as well as the last sentence, that "Burrell was referring to himself as a leader of the crew who would engage in violence should it be required in order to resolve the conflict," be deleted from this paragraph as they are speculative.

With respect to the sentence that wiretap "interceptions" demonstrated that Mr. Burrell was selling Percocet, aside from the single call referenced above between Mr. Burrell and co-defendant Williams, there are no additional wiretapped calls between Mr. Burrell and any other co-defendants discussing narcotics sales, nor directing the conduct between other co-defendants.

Page 19, ¶ 27 – We object to this paragraph for the same reasons as discussed in paragraphs 16, 17, 19 and 25 above, namely that the interpretation here is exaggerated and based on fictitious, choreographed videos for which Mr. Burrell was paid to act. This paragraph gives an interpretation of the staged video as real conspiratorial narcotics conduct. All of the items discussed in this paragraph, money, a stove, baking powder, a black handgun, are fake props that were obtained and used to depict the storyline for the video and not real events. We request that this paragraph be deleted from the PSR. (*See* objection to paragraph 16).

Page 19, ¶ 28 – Although this conduct is stipulated by the parties in the plea agreement, Mr. Burrell states unequivocally that he did not know the witness, that the witness attacked Mr. Burrell by striking Mr. Burrell in the back of the head while Mr. Burrell was making a phone call at MCC, and that Mr. Burrell was not aware that the individual was a witness on another matter. *See* also copy of Incident Report, attached.[1]

Page 19, ¶ 29 – We object to this paragraph because it erroneously states that Mr. Burrell is responsible for "maintaining a premises for purposes of drug distribution" and "directing violence to facilitate the conspiracy." Mr. Burrell was neither charged nor convicted of such conduct. The

---

[1] We wish to emphasize that we are not objecting to the guidelines calculations in the plea agreement. However, as the guidelines are no longer mandatory, and as the Court is required to make a full assessment of the 3553 factors, 18, U.S.C., § 3553(a), we provide this information in order for the PSR to reflect *all* relevant information so that the Court can make an informed decision in fashioning Mr. Burrell's sentence, as required under 18 U.S.C. § 3553(a). Moreover in our plea agreement the parties agreed that despite the stipulated guidelines the defendant is permitted to argue for a sentence below the guidelines based upon 3553(a) factors.

Mr. James Mullin, U.S.P.O.
December 1, 2017
Re: Nico Burrell – Comments, Edits, Objections to PSR
Page | 5

Government has not attributed this conduct to Mr. Burrell in the superseding indictment, the plea agreement nor in our conversations with the U.S. Attorney's Office. The language in this paragraph is, again, speculation based on choreographed videos, (*see* objections to ¶¶ 16, 17, 19, 25, 27 above) and we request that this entire paragraph be deleted.

Adjustment for Obstruction of Justice

Page 19, ¶ 31- We object to certain factually inaccurate statements in this paragraph. The plea agreement stipulates that Mr. Burrell participated in an Aggravated Assault of a Witness for the purpose of obstructing justice "in another federal case," (Plea Agreement, page 3, ¶ 12), not "in furtherance of the BMB enterprise," as stated. This phrase should be deleted.

The reference in the plea agreement to §5K2.0(d)(2)(A) appears to be a typographical error as there is no such section in the guidelines.

Racketeering Act 1 – Oxycodone Conspiracy

Page 20, ¶ 37 – We object to this two level increase. The shooting referenced in this paragraph (of Darnell Cooper on February 11, 2009) is relevant conduct and was stipulated as such in the plea agreement, (Plea Agreement, p. 4, ¶ B(1) – "The conduct underlying this offense is relevant conduct to the racketeering conspiracy charged in Count One of the indictment.") Moreover, the parties stipulated, and the government agreed not to oppose, a downward departure pursuant to U.S.S.G. §5K2.23, "based on the term of imprisonment for that conduct, on the ground that the offense constitutes relevant conduct to, and is part of, the offense charged in Count One." (Plea Agreement, p. 4, ¶ C).

Page 20, ¶ 38 – We object to this two level increase, that "defendant maintained a premises for the purpose of manufacturing or distributing controlled substances." (*See* objection to ¶ 29 above). This statement perhaps is a reference to videos discussed previously in the PSR and to which we also strenuously object. As stated above [in ¶¶ 16, 17, 19, 25 and 27] these videos are purely fictional. Thus the references in this paragraph to "visual depictions of large quantities of cocaine; depictions of baking powder…; individuals using crack" contained in a rap music video cannot be used to support this two level enhancement. There is no evidence to support the contention that these videos represent any reality. Mr. Burrell is not accused, nor is he charged in the indictment of maintaining a premises for the purposes of manufacturing or distributing controlled substances, nor is this conduct stipulated to in the plea agreement. Therefore, this two level increase and the entire paragraph should be deleted.

Adult Criminal Convictions

Page 21, ¶ 42 – Adjusted Offense Level (Subtotal) - this paragraph is incorrectly numbered 42, as the previous paragraph is #46. Also we object to this computation. The correct computation, as stipulated in the plea agreement is 31, not 36 (*see* Plea Agreement, ¶ 14, p. 4) as the enhancements in ¶¶ 37 and 38 should not be applied (*see* objections to ¶¶ 37 and 38 above).

*NEW YORK*
20 Vesey Street  * Suite 400 * New York, NY  10007
Tel:  212.668.0024 * Fax: 212.668.0060

*PUERTO RICO SATELLITE*
MCS Plaza * Suite 1200 * Ponce de Leon Avenue
San Juan, PR  00917

Judithvargas1@aol.com

Mr. James Mullin, U.S.P.O.
December 1, 2017
Re: Nico Burrell – Comments, Edits, Objections to PSR
Page | 6

Other Criminal Conduct

Page 22, ¶ 44 – The January 18, 2017 fight with another inmate at the MCC does not constitute "Other Criminal Conduct," but rather one of the underlying offenses of the racketeering conspiracy, as stipulated in the plea agreement.[2]

Personal and Family Data

Page 23, ¶ 49 – please correct Mr. Burrell's age in the sentence regarding Mr. Burrell's mother being arrested and deported – this happened when Mr. Burrell was 15, not 17.

Page 22, ¶ 44 – this, and the subsequent paragraphs, are incorrectly numbered as there is a "44" previously listed on page 21.

Page 25, ¶ 59 – Mr. Burrell received his GED. See attached copy.

**PART F. FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM**

Page 28, ¶ 85 – We object to this paragraph, as the parties did not stipulate that this conduct is relevant conduct to the offense (see, Plea Agreement, p. 3), however, the conduct is incorporated into the guidelines calculation. Therefore we also object to the sentence: "However, Probation believes that the use of violence to intimidate a witness in a prosecution is [sic] factor that may be considered pursuant to 18 USC 3553(a)." The Court is required to consider all of the 3553 factors and, as this conduct was stipulated in the plea agreement pursuant to the *guidelines*, is free to factor (or not) this conduct, as well as other factually accurate conduct, in considering all of the 3553 factors.

Sincerely,

Judith Vargas
Attorney for Mr. Nico Burrell

cc: AUSA Rachel Maimin
    Mr. Nico Burrell

---

[2] We realize that this incident occurred in January of 2017 and that the conspiracy is from "at least 2007, up to 2016." (Superseding Indictment S2 15 CR 95 (AJN)).

*NEW YORK*
20 Vesey Street  * Suite 400 * New York, NY  10007
Tel:  212.668.0024 * Fax: 212.668.0060

*PUERTO RICO SATELLITE*
MCS Plaza * Suite 1200 * Ponce de Leon Avenue
San Juan, PR  00917

Judithvargas1@aol.com

BP-A0288
AUG 11

## INCIDENT REPORT CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

### Part I - Incident Report

| 1. Institution: MCC NEW YORK | | | |
|---|---|---|---|
| 2. Inmate's Name<br>BURRELL, NICO | 3. Register Number<br>77438-054 | 4. Date of Incident<br>01/18/2017 | 5. Time<br>8:15 PM |
| 6. Place of Incident<br>UNIT 9-North MPA area | 7. Assignment<br>UNASSG | 8. Unit<br>9-NORTH | |
| 9. Incident<br>**FIGHTING WITH ANOTHER PERSON** | | 10. Prohibited Act Code(s)<br><br>201 | |

11. Description Of Incident (Date: <u>01/18/2017</u> Time: <u>8:15 PM</u> Staff became aware of incident)
On 01/18/2017 at approximately 8:15PM I observed inmate Nico Burrell #77438-054, inmate Mykai Davis #71995-054 and inmate Devron Purvis #78546-054 strike each-other with a closed fist in the face and chest area. The inmates began fighting in front of the office, as I walked out the door I activated my body alarm and ordered all inmates to get on the ground. Inmate Burrell, Davis, and Purvis continued fighting I moved out of the way to wait for assistance and the 3 inmates ended up inside the office where I gave inmate Burrell a direct order "To get out of the office" which he obeyed and exited the office. Once staff arrived on scene all 3 inmates were taken to medical and operations lieutenant was informed of incident.

| 12. Typed Name/Signature of Reporting Employee<br>D. QUIRUMBAY | 13. Date And Time<br>01/18/2017       9:40PM | |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By<br>(Type Name/Signature) | 15. Date Incident<br>Report Delivered | 16. Time Incident<br>Report Delivered |

### Part II - Committee Action

17. Comments of Inmate to Committee Regarding Above Incident

| 18. A. It is the finding of the committee that you:<br><br>_____ Committed the Prohibited Act as charged.<br>_____ Did not Commit a Prohibited Act.<br>_____ Committed Prohibited Act Code(s) _____ | B. _____ | The Committee is referring the Charge(s) to the DHO for further Hearing. |
|---|---|---|
| | C. _____ | The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days. |

19. Committee Decision is Based on Specific Evidence as Follows:

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

21. Date And Time Of Action _____ (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

_____     _____     _____
Chairman (Typed Name/Signature)       Member (Typed Name)       Member (Typed Name)

PDF                    Prescribed by P5270              Replaces BP-S288.052 Of MAY 94

University of the State of New York
THE STATE EDUCATION DEPARTMENT
High School Equivalency Programs & GED Testing
P.O.Box 7348
Albany, New York 12224-0348

## NEW YORK STATE HIGH SCHOOL EQUIVALENCY DIPLOMA TRANSCRIPT

You have earned satisfactory scores * on the GED Tests and have been awarded a New York State High School Equivalency diploma.

| | Test Scores | | |
|---|---|---|---|
| Language Arts - Writing | 560 | Test Center Number | 783 |
| Social Studies | 570 | Test Date | 10/31/2011 |
| Science | 530 | GED ID Number | 404279 |
| Language Arts - Reading | 710 | Provided ID Number | 00510222 |
| Mathematics | 540 | Date of Birth | 05/26/1992 |
| | | Diploma Number | V03344781 |
| Total | 2910 | Date Issued | 11/30/2011 |

* 410 minimum score for each subject and 2250 minimum total score required.

*Nico C Burrell*
*Box 2000*
*Dannemora  NY 12929*

This transcript is produced for:   Nico C Burrell



