USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/23/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

United States of America,

–v–

Nico Burrell,

          Defendant.

---

15-cr-95 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Defendant Nico Burrell's motion for compassionate release to home confinement under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, this motion is DENIED.

**I.    BACKGROUND**

On July 27, 2017, Defendant pleaded guilty to Count One of the S2 superseding indictment in the above-captioned case, which charged him with participating in a racketeering conspiracy. *See* Dkt. No. 1639. Defendant's plea was supplemented on August 16, 2017. *Id.* On April 3, 2018, Defendant appeared before this Court for sentencing, and the Court imposed a sentence of 150 months' imprisonment to be followed by 3 years of supervised release, though, after crediting the Defendant for 66 months of time served, the sentence was reduced to 84 months' imprisonment followed by 3 years of supervised release. *See* Dkt. No. 2145.

On June 17, 2020, Defendant mailed a letter to the Court requesting that he be granted compassionate release. Dkt. No. 2894. The Court then appointed counsel under the Criminal Justice Act, and counsel filed a motion on the Defendant's behalf on August 10, 2020. Dkt. No. 2952. On August 10, 2020, the Court ordered the Government to respond, and the Government filed its opposition on August 17, 2020. Dkt. No. 2964. The Defendant's reply was filed on

August 20, 2020.  Dkt. No. 2975.  In his reply, the Defendant conceded that he had not yet exhausted his administrative remedies, and noted that in the alternative the Court could stay its decision until 30 days had passed from when he initiated pursuit of administrative remedies. Dkt. No. 2975 at 2.  The Defendant subsequently notified the Court that his request had been rejected, Dkt. No. 2982, and has since supplemented his motion twice more, *see* Dkt. Nos. 3128, 3136.

The Defendant seeks modification of his sentence to time served with supervised release and home confinement.  *See* Dkt. No. 2952 at 1.  He premises his request on two central points. First, he seeks compassionate release because of the threat that COVID-19 poses to his health. While Defendant concedes that he is not afflicted with any medical condition that renders him at heightened risk of severe illness, he nonetheless contends that the circumstances of the virus, combined with the heightened risk of infection found in prisons, nonetheless constitutes an extraordinary and compelling reason warranting release.  *See, e.g.*, Dkt. No. 2975 at 2–7. Second, he seeks compassionate release so that he is able to take care of his grandmother, whom he notes is ill.  *Id.* at 9.

**II.     DISCUSSION**

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions."  *Freeman v. United States*, 564 U.S. 522, 526 (2011).  The compassionate-release statute creates one such exception:  It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C.

§ 3582(c)(1)(A)(i).  Under the recently enacted First Step Act, defendants serving their sentence may move the Court for compassionate release.  *See United States v. Gotti*, No. 02-cr-743 (CM), 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020); *United States v. Gross*, No. 15-cr-769 (AJN), 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020).

Before the Court may modify a term of imprisonment, a defendant usually must satisfy the statute's administrative exhaustion requirement.  One avenue to doing so is if there is a "lapse of 30 days from the receipt of . . . a request [for the BOP to bring a compassionate release motion] by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  Because the Defendant submitted such a request on August 19, 2020, *see* Dkt. No. 2975 at 2, the Court finds that the statute's administrative exhaustion requirement is satisfied.  *See also* Dkt. No. 2982.

In order to be eligible for relief under 18 U.S.C. § 3582(c)(1)(A), the Defendant must show that he has "extraordinary and compelling reasons" warranting such a reduction. The Second Circuit has recently held that the Sentencing Commission's policy statement § 1B1.13 Note 1(D), which instructs that the power to determine what reasons are extraordinary and compelling remains exclusively with the Bureau of Prisons director, is no longer applicable.  *See United States v. Brooker*, 976 F.3d 228, 234–37 (2d Cir. 2020).  Therefore, this Court may "independently [ ] determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling.' " *Id.* at 234.  But while the Court is no longer expressly bound by the considerations enshrined in § 1B1.13(1)(A), it nonetheless finds them useful for discerning what constitutes an extraordinary and compelling reason warranting compassionate release.  In its discretion, therefore, the Court takes these policy considerations into account, even if it is no longer bound by them.

Section 1B1.13(1)(A) outlines four circumstances that constitute "extraordinary and compelling reasons" and thus warrant a sentence reduction. The first two focus on a Defendant's medical condition and age. U.S.S.G. § 1B1.13(1)(A), cmt. n.1(A); U.S.S.G. § 1B1.13(1)(A), cmt. n.1(B). The third circumstance refers to "[f]amily circumstances." U.S.S.G. § 1B1.13(1)(A), cmt. n.1(C). The commentary to the Guidelines narrows the scope of this circumstance by describing only two scenarios that implicate this circumstance, neither of which is applicable here. The first refers to the "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," while the second is "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13(1)(A), cmt. n.1(C)(i); U.S.S.G. § 1B1.13(1)(A), cmt. n.1(C)(ii). Some courts have concluded that these scenarios are exhaustive of what § 1B1.13(1)(A), cmt. n.1(C) is meant to apply to. *See, e.g.*, *United States v. Ingram*, 2019 WL 3162305 (S.D. Ohio July 16, 2019) ("[F]amily circumstances that constitute 'extraordinary and compelling reasons' simply do not include [the defendant's] mother. Many, if not all inmates, have aging and sick parents."). But as other courts have noted in reference to this category, "a court may find that there exists an extraordinary and compelling reason other than those specifically enumerated in the Application Notes to § 1B1.13." *United States v. Lisi*, 440 F. Supp. 3d 246, 251–52 (S.D.N.Y. 2020) (citing *United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019)). "This Court sees no reason to discount this unique role simply because the incapacitated family member is a parent and not a spouse." *Bucci*, 409 F. Supp. 3d at 2; *see also Lisi*, 440 F. Supp. 3d at 252. And in any event, the fourth category entails consideration of "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13(1)(A), cmt. n.1(D). In addition to the

evaluation of whether there are extraordinary reasons justifying release, the Guidelines also propose consideration of whether the Defendant poses "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

After taking into consideration all of the circumstances, the Court concludes that the Defendant has not proven the existence of an extraordinary and compelling reason that warrants compassionate release or a modification of his sentence. To begin with, the Court acknowledges that the COVID-19 pandemic has altered the circumstances of incarceration. *See, e.g.*, *United States v. Plummer*, 2020 WL 3440548, at *2 (S.D.N.Y. June 23, 2020). *See also* Dkt. No. 3128 (providing an update on the conditions at FCI Berlin). And Mr. Burrell does not dispute that he is otherwise a healthy individual who is not at any special risk of severe illness. *See* Dkt. No. 2952 at 2. The Defendant's arguments—which are not rooted in an individualized risk of severe illness and instead talk about the general threat posed by COVID-19—cut too broadly. Under his reasoning, all federal inmates in the country could establish extraordinary and compelling circumstances by citing to the statute, "a result that does not remotely comply with the limited scope of compassionate release." *United States v. Haney*, 454 F. Supp. 3d 316, 322–23 (S.D.N.Y. 2020). Thus, because Mr. Burrell cannot point to any health conditions that render him especially vulnerable to severe illness, the ongoing pandemic, standing alone, does not independently warrant relief under 18 U.S.C. § 3582(c)(1)(A)(i). *See, e.g.*, *United States v. Plummer*, No. 15-CR-95 (AJN), 2020 WL 3440548, at *2 (S.D.N.Y. June 23, 2020) ("[T]he Court cannot conclude that an otherwise healthy 23-year-old Defendant's history of pneumonia, without more, constitutes an extraordinary and compelling reason warranting compassionate release.").

Nor does the Defendant's desire to take care of his grandmother create extraordinary circumstances warranting relief under 18 U.S.C. § 3582(c)(1)(A). This Court has found that, the need to care for one's aging and sick relatives "may, in certain circumstances, warrant a finding that an extraordinary and compelling reason exists." *United States v. Yoda*, No. 15-CR-95 (AJN), 2020 WL 5502325, at *2 (S.D.N.Y. Sept. 11, 2020). But as in *Yoda*, Burrell does not allege that he is the sole caregiver for his grandmother, and, indeed, "[t]hese facts change the calculus," because the Defendant's grandmother has other family members who can care for her. *Id.* at *3; *see also* PSR ¶ 59. In sum, the Defendant has not established that extraordinary circumstances merit the relief he seeks, and his motion must be denied on that basis.

Even if the Defendant had established extraordinary circumstances, however, the sentencing factors in 18 U.S.C. § 3553(a) would counsel against granting relief. *See* 18 U.S.C. § 3582(c)(1)(A) (noting that if the court finds extraordinary and compelling reasons warranting relief, it shall consider "the factors set forth in section 3553(a) to the extent that they are applicable"); *see also United States v. Cajigas*, No. 08-CR-391 (VM), 2020 WL 6625210, at *3 (S.D.N.Y. Nov. 11, 2020).

The § 3553(a) factors counsel against granting Mr. Burrell's requested relief. First, the underlying conviction was premised on the Defendant's *leadership* role in BMB, a violent street gang whose members participated in violent crimes, narcotics trafficking, and other exceedingly serious offenses. *See* PSR ¶¶ 12–21, 23, 25. Second, the Defendant's criminal reveals a pattern of violent conduct. *See* PSR ¶¶ 24. His criminal history also entails firearm possession and involvement in selling prescription opioids. *See* PSR ¶¶ 27–28. In that regard, both the Defendant's criminal history and the underlying conviction in this case both point to the fact that the Defendant continues to pose some risk of danger to the public. And while the Court credits

Mr. Burrell's commitment to his education as showing rehabilitative potential, *see, e.g.*, Dkt. No. 2952 at 8–9, ultimately, that does not alter the application of the § 3553(a) factors to his case. Furthermore, the Court also takes into account the disciplinary infractions that the Defendant has accumulated since he has been incarcerated in assessing the § 3553 factors, considering them relevant to the overall analysis. *See* Dkt. No. 2964 at 8; Dkt. No. 2975 at 11–12.

On balance, the Court concludes that the § 3553(a) factors—including the need to account for the seriousness of the Defendant's offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes—counsel against granting Mr. Burrell's motion. *See* 18 U.S.C. § 3553(a)(2)(A)–3553(a)(2)(C).

## III.   CONCLUSION

For the reasons articulated above, Defendant's motion under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.  This resolves Dkt. Nos. 2894 and 2952.

SO ORDERED.

Dated:  December 23, 2020
        New York, New York

_____
ALISON J. NATHAN
United States District Judge